GUCCIONE, APPELLANT, ET AL., *v.*
HUSTLER MAGAZINE, INC. ET AL., APPELLEES.

[Cite as Guccione *v.* Hustler Magazine, Inc. (1985), 17 Ohio St. 3d 88.]

(No. 84-807—Decided May 15, 1985.)

*Vorys, Sater, Seymour & Pease, Thomas M. Taggart* and *C. William O'Neill,* for appellant.

*Topper, Alloway, Goodman, DeLeone & Duffey, John J. Duffey* and *Stephen Lewis,* for appellees.

Cox, J.  The issue before the court is:

Did the court of appeals err in finding that an order denying plaintiff's motion for permission to be represented by out-of-state counsel is not a final appealable order, and, specifically, that it is not an order made in a special proceeding and affecting a substantial right?

We hold that an order denying permission for out-of-state counsel (otherwise competent) to represent a litigant is a final appealable order.

R.C. 2505.02 in part defines a final order as "an order affecting a substantial right made in a special proceeding * * *." This court in *Bernbaum* v. *Silverstein* (1980), 62 Ohio St. 2d 445, 446, fn. 2 [16 O.O.3d 461], stated in a case analogous to the instant case that a motion to disqualify counsel affects a "substantial right." Thus an order excluding counsel (otherwise competent) is a substantial right and is appealable.

Further, this court in *Russell* v. *Mercy Hospital* (1984), 15 Ohio St. 3d 37, 39, citing *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253 [21

O.O.3d 158], stated that modern courts have been less than precise in defining "special proceeding." The *Russell* court then quoted the holding in *Amato, supra,* at 258 that:

"* * * whether an order is made in a special proceeding is resolved through a balancing test. This test weighs the harm to the 'prompt and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable."

According to the analysis in *BancOhio Natl. Bank* v. *Rubicon Cadillac, Inc.* (1984), 11 Ohio St. 3d 32, an order excluding counsel cannot be effectively reviewed after a final judgment if the court erroneously deprives a party of his chosen counsel. The burden on that party at the end of the case to show that he was prejudiced would in effect be an "insurmountable burden." See *Armstrong* v. *McAlpin* (C.A. 2, 1980), 625 F. 2d 433, 441.

The reasoning of *Russell* v. *Mercy Hospital, supra,* at 42, governs this matter:

"It appears far less likely that appeals from orders granting disqualification * * * [in this matter refusing to permit out-of-state attorneys] motions will be taken for purely tactical reasons, however. The granting of a disqualification motion by a trial court is a fair indication that a legitimate and nonfrivolous issue has been raised. It is incumbent upon courts, when a legitimate question of propriety arises, to dispose of matters promptly in order to facilitate and improve the justice system. Immediate appealability of orders granting disqualification [refusing permission] motions fulfills this purpose." (Bracketed material added.)[1]

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to that court for further proceedings.

*Judgment reversed
and cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and DOUGLAS, JJ., concur.

COX, J., of the Seventh Appellate District, sitting for WRIGHT, J.

---

[1] The assignment of error before the appellate court was:

"The trial court abused its discretion when it denied plaintiff-appellant's motion for admission of an out-of-state counsel on the sole ground that said counsel or members of their firm may be called as witnesses in the trial of this action."