OPINION
Plaintiffs-appellants Elena Martinez et al., appeal from the March 24, 2000 decision and entry denying appellants' motion for admission pro hacvice (of Jeffrey T. Meyers); the April 4, 2000 decision and entry denying appellants' motion for reconsideration; the April 18, 2000 decision and entry denying appellants' motion for admission pro hac vice (of Courtney E. Morgan); and the April 21, 2000 decision and entry denying appellants' motion for hearing on appellants' motions for admission pro hac vice and motion for reconsideration. For the reasons that follow, we reverse.
This case is a refiled products liability case arising out of an explosion of a barbeque pit on June 5, 1995. Appellants, all Michigan residents, originally filed suit in the Franklin County Court of Common Pleas on March 26, 1996. The case was assigned case No. 96CVH03-2263 and was brought by appellants' Michigan attorney, Jeffrey T. Meyers, and Columbus, Ohio, Attorney, James P. Connors, who was retained to act as local counsel. Appellants moved for the admission of Mr. Meyers pro hacvice on June 6, 1996. The trial court granted the motion by entry signed June 14, 1996, and filed July 17, 1996 ordering that "Jeffrey T. Meyers, Esq. be admitted pro hac vice for all further proceedings arising out of the pendency of this litigation."
Appellants dismissed the original action without prejudice pursuant to Civ.R. 41(A) on December 4, 1998. They refiled the case on December 3, 1999, and it was assigned to the same trial judge. As with the first complaint, Mr. Meyers did not physically sign the complaint in the refiled case. Rather, Mr. Connors wrote Mr. Meyers' signature as noted by Mr. Connors' initials next to the signature. Mr. Connors also signed the complaint on his own behalf and signed the jury demand. Appellants did not, however, refile their motion to admit Mr. Meyers pro hac vice.
On February 25, 2000, the initial status conference in the case took place. There is no indication in the record that Mr. Meyers received notice of this status conference, and he, along with a number of attorneys representing various defendants, failed to appear. Mr. Connors represented appellants at the status conference.
The trial court amended the case schedule by entry filed March 1, 2000, and rescheduled the trial to take place more than a year earlier than the original case scheduling order for products liability cases. The trial court also issued several orders denying out-of-state defense counsel admission to practice pro hac vice, and held several defense counsel in contempt for failing to attend the status conference. The record indicates that at least some of these attorneys had not received notice of the status conference.
Appellants believed that the earlier order in the original case conferring pro hac vice status on Mr. Meyers continued to apply in the refiled case. Nevertheless, concerned by the trial court's rulings, appellants, on March 21, 2000, filed a new and nearly identical motion to admit Mr. Meyers pro hac vice in the refiled case. The trial court denied the motion by decision and entry filed March 24, 2000. In its decision, the trial court stated that it was denying the motion because Mr. Meyers had previously entered his appearance upon the filing of the complaint and had failed to move for admission pro hac vice prior to entering his appearance through the filing of the complaint as required by Loc.R. 91.01.
On March 30, 2000, appellants filed a motion for reconsideration. On April 4, 2000 the trial court denied that motion as well. The trial court noted that the orders entered in the original case, including pro hacvice admission, did not carry over into the refiled case. More importantly, the trial court found as follows:
 In addition, the present case has numerous parties and over twenty attorneys representing their various interests. Thus, the Court must have control over its docket including the present case. Therefore, as the Court has previously expressed, out of state counsel may be admitted if no other counsel is available, however, the Court prefers the parties to only use local counsel to permit all counsel to appear at discovery and for emergent Court appearances.
 Therefore, as the Court previously found Mr. Meyers entered his appearance on December 3, 1999 upon the filing of the Complaint in the present case without first seeking admission pro hac vice as required by the local rules. Further, the Court finds that the Plaintiffs are presently represented by local counsel who also served on the originally filed case. Accordingly, for failure to follow the local rules of Court or to show sufficient cause to permit him to be admitted pro hac vice, the Plaintiffs' Motion for Admission Pro Hac Vice is not well-taken and is DENIED.
Appellants then moved, on April 18, 2000, for admission pro hac vice of another attorney from Mr. Meyers' office. This motion was denied the same day. Appellants also filed a motion Crequesting a hearing on April 18, 2000. Appellants sought to introduce evidence that they established an attorney/client relationship with Mr. Meyers on October 25, 1995, when he first met with appellants and agreed to represent them. Appellants noted in their motion that, since that time, over thirty depositions had been conducted, and Mr. Meyers had worked extensively on their behalf investing hundreds of hours in the case as primary counsel. The trial court denied this motion the next day, on April 19, 2000. This timely appeal followed with the following three assignments of error:
 1. The trial court abused its discretion by revoking plaintiffs' lead counsel Jeffrey T. Meyers' admission to practice pro hac vice.
 2. The trial court abused its discretion by denying plaintiffs' motion to admit Courtney E. Morgan pro hac vice.
 3. The trial court erred by refusing to conduct a hearing before revoking Jeffrey T. Meyers' admission pro hac vice and denying plaintiffs' motion to admit Courtney E. Morgan pro hac vice.
As a threshold matter, appellee, Scott Fetzer Company, argues this appeal is not properly before us, as the denial of a motion for admissionpro hac vice is not a final appealable order. We disagree.
Under the amended version of R.C. 2505.02, which governs final appealable order analysis in this case, we find that the trial court's decision is a final appealable order under the provisional remedy portion of the statute.
R.C. 2505.02(B)(4) specifies circumstances under which an order granting or denying a provisional remedy is a final appealable order:
 An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
* * *
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
In Russell v. Mercy Hosp. (1984), 15 Ohio St.3d 37, the Ohio Supreme Court held that when a motion for disqualification is granted, "a legitimate interest of a party is necessarily implicated — the right to counsel of one's choice." Id. at 41. Further, the court determined that delaying the review of orders disqualifying counsel would "in most instances be irreparable," given the difficulty in demonstrating prejudice upon appeal even if the order were found to be in error. Id.
As noted by the court, "[t]he argument in most cases would quickly degenerate into speculation and hindsight" requiring the reviewing court to decide "whether and how the original counsel might have handled the matter differently." Id. at 40.
Following Russell, the Ohio Supreme Court specifically held that "[a]n order denying permission for out-of-state counsel (otherwise competent) to represent a litigant is a final appealable order" under the then existing version of R.C. 2505.02. Guccione v. Hustler Magazine, Inc.
(1985), 17 Ohio St.3d 88, syllabus. Guccione has never been overruled, and we are obliged to follow binding Ohio Supreme Court precedent. Although some recent decisions have called the analysis in Russell andGuccione into question, the fundamental predicate of Russell andGuccione is that, in a civil matter, a party has a substantial right to choose privately retained counsel.
Additionally, the Ohio Supreme Court has also recently ratified the reasoning in Russell and Guccione that an order excluding counsel cannot be effectively reviewed after a final judgment. In Kala v. AluminumSmelting Refining Co., Inc. (1998), 81 Ohio St.3d 1, the Ohio Supreme Court confirmed that a grant of disqualification is a final appealable order, and adopted the "well reasoned decision" in Stevens v. GrandviewHosp. Med. Ctr. (Oct. 20, 1993), Montgomery App. No. 140402, unreported, that great difficulty exists in obtaining effective review after final judgment of an order granting a motion to disqualify.
We find that the same concerns as to a lack of a meaningful or effective remedy that applied in Russell and Guccione, apply here. Any argument on appeal would necessarily depend on speculation and hindsight. If the order denying pro hac vice status is erroneous, correcting it by an appeal at the end of the case would require appellants to show that the handling of his case by local counsel caused them prejudice, i.e., caused a difference in the result. The burden on appellants at the end of the case to show that they were prejudiced would be insurmountable. Moreover, appellants face the difficult burden of bringing their replacement counsel "up to speed" after lead trial counsel has already expended hundreds of hours on the case, and over thirty depositions have been taken. For all of these reasons, we find that the trial court's orders denying pro hac vice status to Mr. Meyers and Mr. Morgan are final appealable orders.
In their first assignment of error, appellants argue the trial court abused its discretion in denying the motion for admittance pro hac vice. Specifically, appellants allege that Mr. Meyers' pro hac vice status in the original case also authorized him to proceed pro hac vice in the refiled case and that the trial court's order denying the motion for prohac vice admission amounted to a revocation of pro hac vice status. Appellants are incorrect in this regard.
A dismissal without prejudice pursuant to Civ.R. 41(A) dissolves all interlocutory orders made by the court in that action. Nielsen v.Firelands Rural Elec. Coop., Inc. (1997), 123 Ohio App.3d 104, 106. Such a dismissal has the effect of placing the parties to that case back in the position they held prior to the commencement of the action. Benderv. Berbec (Aug. 24, 1990), Lucas App. No. L-89-228, unreported. Thus, appellants had the option of refiling their prior filings in the later case, but their reliance on the earlier entry is misplaced. See id. ("although it may have been the intention of both the parties and the court to have prior filings refiled in the later cases, nothing appears in the record of this case to justify reliance on the same.") Accordingly, appellants' argument that the trial court "revoked" Mr. Meyers' pro hac vice status is not well-taken.
Even if the trial court did not revoke pro hac vice status, appellants argue the trial court abused its discretion in denying pro hac vice
status in the refiled case. Appellants' argument in this regard is twofold. First, appellants contend that the trial court's belated concern for a purported violation of Loc.R. 91.01 is specious. Second, appellants argue that the trial court's preference to use only local counsel for discovery and emergent court appearances cannot outweigh the substantial rights of appellants to continue to use privately retained counsel in a civil matter in which such counsel has already expended hundreds of hours on the matter and with whom appellants have an established attorney/client relationship.
A reviewing court will only overturn a denial of an application to practice pro hac vice if it determines that the trial court's decision was an abuse of discretion. See Royal Indemnity Co. v. J.C. Penney Co.
(1986), 27 Ohio St.3d 31, 33; and State v. Ross (1973), 36 Ohio App.2d 185,188. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Here, appellants utilized the same procedure in the refiled action in applying for pro hac vice status that they did in the first action. In the first action, the trial court granted the motion without comment. In the refiled action, the trial court denied the application on the basis that Mr. Meyers violated Loc.R. 91.01 by entering an appearance upon the filing of the complaint without first seeking admission pro hac vice. We find that the trial court misinterpreted the local rule. Loc.R. 91.01 provides in pertinent part:
 An attorney not licensed to practice law in the state of Ohio, but who is duly licensed to practice law in any other state or the District of Columbia, may, in the discretion of the Trial Judge, be permitted to represent a party or parties in any litigation pending or to be filed in this county after completion of all of the following conditions:
 A. File a written oath substantially in compliance with Rule I, Section 8A of the Rules for the Government of the Bar;
 B. Certify in writing that he or she has familiarized himself or herself with local Court rules and will familiarize himself or herself with the appropriate Criminal or Civil Rules, the Rules of Evidence and the Code of Professional Responsibility;
 C. Be sponsored in writing by an attorney licensed to practice law in the state of Ohio. The motion made by the licensed attorney shall certify such out-of-state counsel's compliance with this rule and the Rules for the Government of the Bar;
 D. The sponsoring attorney shall submit with the motion and certification an entry authorizing the approval of the motion;
 E. The sponsoring attorney, or any other attorney licensed to practice law in the state of Ohio, shall be co-counsel with the attorney admitted pro hac vice.
The rule permits an attorney to move for admission in a pending case, as was done here. While it is arguable that Mr. Meyers may have committed a technical violation of the rule by having local counsel sign the complaint on his behalf prior to admission pro hac vice, the rule does not require that an application be filed prior to the filing of a complaint signed by local counsel. Moreover, the trial court's action in denying the second application on the basis of a technical violation of local rules appears capricious in light of the fact that the exact same procedure was used in the original case. In sum, the record does not support a finding that Mr. Meyers violated local rules.
The trial court's other purported reason for denying Mr. Meyers' motion for reconsideration was docket control. The trial court stated that it "prefers the parties to only use local counsel to permit all counsel to appear at discovery and for emergent Court appearances."
Merely preferring that parties use local counsel is not a legitimate basis for denying pro hac vice status in a refiled case where lead counsel has expended hundreds of hours on the case, where over thirty depositions have been taken, and where out-of-state counsel's failure to appear at a status conference is directly attributable to lack of notice from the trial court. See Ross, supra, at 197 (providing a non-exclusive list of factors to be considered when determining whether or not to admit counsel pro hac vice). Moreover, local counsel appeared on behalf of appellants at the only required court appearance to date. This was entirely appropriate, as Mr. Meyers had not yet been admitted pro hacvice at the time of the status conference. Nor does the record show that Mr. Meyers ever received notice of the initial status conference. The trial court sanctioned a number of defense attorneys for their failure to appear at the initial status conference, but Mr. Meyers was never sanctioned or reprimanded for any conduct related to that conference. Thus, Mr. Meyers' clients should not be made to suffer because the trial court was displeased with the conduct of various out-of-state defense attorneys.
Additionally, the trial court's purported concern about docket management fails to take into account the significant prejudice such a ruling engenders. Appellants and Mr. Meyers have an established attorney/client relationship. They have expended significant amounts of time and work on the case. They would have to expend even more time, work, and expense to bring a local attorney up to speed. This is an abuse of discretion when appellants already had competent counsel that had previously been granted pro hac vice status.
Based on the foregoing, we find that the trial court abused its discretion in denying pro hac vice status to Mr. Meyers. The first assignment of error is sustained to that extent. We do not, however, sustain the portion of the assignment of error number one that asserts the trial court revoked pro hac vice status. Given the representations in appellants' brief that they desire pro hac vice admission of only one out-of-state attorney, we find that our resolution of the first assignment of error renders the remaining assignments of error moot. The judgment of the Franklin County Court of Common Pleas is reversed and the matter is remanded for further proceedings in accordance with this opinion.
 _______________ LAZARUS, J.
BROWN and KLINE, JJ., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.