**[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 446.]**

KLEIN ET AL., APPELLEES, *v*. STREICHER, CHIEF OF POLICE, ET AL.,

APPELLANTS.

**[Cite as *Klein v. Streicher*, 2001-Ohio-1583.]**

*Court of appeals' judgment reversed on authority of R.C. 2505.02 and Guccione v. Hustler Magazine, Inc.*

(No. 00-1847—Submitted August 28, 2001—Decided October 17, 2001.)

APPEAL from the Court of Appeals for Hamilton County, No. C-000678.

————————————

{¶ 1} The judgment of the court of appeals is reversed on the authority of R.C. 2505.02 and *Guccione v. Hustler Magazine, Inc.* (1985), 17 Ohio St.3d 88, 17 OBR 211, 477 N.E.2d 630.

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

————————————

**COOK, J., dissenting.**

{¶ 2} This court granted a discretionary appeal in this case to decide whether the denial of a motion for admission *pro hac vice* is a final appealable order under R.C. 2505.02, as amended by Sub.H.B. No. 394 in 1998. The majority resolves this issue summarily, citing a case involving the *preamendment* version of R.C. 2505.02 and overlooking a procedural infirmity that should prevent us from reaching the issue upon which we granted review. I must therefore respectfully dissent.

{¶ 3} The record transmitted to this court contains a document purporting to be a copy of an entry from the trial court denying the city's motion for admission *pro hac vice* of two out-of-state attorneys. This document, which the city of

Cincinnati attached to its notice of appeal in the court of appeals, is the only copy of the supposed trial court entry that was ever a part of the appellate record. This copy, however, shows no file stamp by the trial court clerk. Without a file-stamped entry from the trial court, there is no final appealable order over which to exercise appellate jurisdiction. *State v. Domers* (1991), 61 Ohio St.3d 592, 575 N.E.2d 832.

{¶ 4} The record suggests that the court of appeals dismissed the city's appeal before the trial court clerk ever transmitted the record to the court of appeals. Thus, it is quite possible that the trial court record contains a validly journalized entry denying the city's motion for admission *pro hac vice*. On the record before us, however, we have no way of knowing whether the trial court actually journalized the order that is at the heart of this case. We therefore cannot reach the issue upon which we granted review and should dismiss the cause as having been improvidently allowed.

{¶ 5} Even if the issue had been properly presented to this court, I would nevertheless decline to join the majority's summary disposition of the case. The majority decides this case "on the authority of R.C. 2505.02 and *Guccione v. Hustler Magazine, Inc.* (1985), 17 Ohio St.3d 88, 17 OBR 211, 477 N.E.2d 630," making it appear as though the court of appeals failed to apply settled law in dismissing the appeal below. But the question presented to this court is not as simple as the majority's summary reversal makes it appear.

{¶ 6} In *Guccione*, this court decided that an order denying permission for out-of-state counsel to represent a litigant in a civil case was a final appealable order under the pre-H.B. 394 version of R.C. 2505.02. The court reasoned that such an order affected a "substantial right" and was made in a "special proceeding." In concluding that the order was made in a special proceeding, the court applied the balancing test formulated in *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452. Under the *Amato* test, we evaluated whether an order was made in a special proceeding by balancing "the harm to the 'prompt

and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable." *Id.* at 258, 21 O.O.3d at 161, 423 N.E.2d at 456. Because a litigant would have little chance of mounting an effective postjudgment appeal of an order excluding out-of-state counsel, the *Guccione* court concluded that the *Amato* balancing test favored immediate appealability. *Guccione*, 17 Ohio St.3d at 90, 17 OBR at 212, 477 N.E.2d at 632.

{¶ 7} Today's summary reversal gives the impression that the *Guccione* rationale remains alive and well in Ohio law. To the contrary, however, the legal analysis underlying *Guccione* is no longer viable. R.C. 2505.02, as amended by H.B. 394, defines a "special proceeding" as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). The amendment codified this court's holding in *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, which expressly overruled *Amato* and abandoned the balancing test that provided the foundation for *Guccione*'s holding. If the majority views *Guccione* as having some continued vitality under current R.C. 2505.02, notwithstanding that statute's substantive amendments and this court's holding in *Polikoff*, this court should explain to the bench and bar how that is so rather than simply citing it in a summary disposition.

MOYER, C.J., concurs in the foregoing dissenting opinion.

_____

*Gustavson, Lewis & Jones Co., L.P.A., William M. Gustavson* and *Timothy Smith*, for appellees.

*Fay D. Dupuis*, City Solicitor, and *Richard Ganulin*, Assistant City Solicitor, for appellants.

_____