DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Sofia Roble, has filed an application for reconsideration of this court's decision and judgment entry of August 23, 2004 in which the court dismissed her appeal as being taken from a non-final order. In our decision, we stated that an order of the trial court that denies a motion to admit out-of-state counsel pro hoc vice to serve as counsel for a defendant in a criminal case is not a final appealable order. In ruling on a motion to reconsider, this court follows Matthews v.Matthews (1981), 5 Ohio App.3d 140, where paragraph two of the syllabus states:
 {¶ 2} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. (App.R. 26, construed.)"
 {¶ 3} Appellant states in her memorandum in support of the application for reconsideration that this court overlookedGuccione v. Hustler Magazine, Inc. (1985), 17 Ohio St.3d 88, in which the Ohio Supreme Court held that "an order denying permission for out-of-state counsel (otherwise competent) to represent a litigant is a final appealable order." Id. at syllabus. While acknowledging that Guccione is a civil case and the case presently being considered is a criminal case, appellant states "there should be no differentiation in the reasoning to be applied in this instance."
 {¶ 4} The Supreme Court of Ohio has not spoken directly on the issue of the appealability of an order denying a motion to admit out-of-state counsel pro hoc vice in a criminal case. However, the Supreme Court of Ohio has entertained the final appealability issue as it relates to a motion to disqualify counsel and we find that the effect of a ruling on a motion to disqualify counsel is the same as a ruling on a motion to admit pro hoc vice, as both determine whether a party will be represented by his counsel of choice. Therefore, we find the analysis of "motion to disqualify" cases instructive in our analysis of this pro hoc vice case.
 {¶ 5} The Ohio Supreme Court has treated civil and criminal cases differently on the issue of whether a ruling on a motion to disqualify counsel is a final appealable order. In a civil case,Kala v. Aluminum Smelting Refining Co. Inc. (1998),81 Ohio St.3d 1, the court held that an order granting a motion to disqualify counsel is final and appealable. Id. at 3. Conversely, in State ex rel Keenan v. Calabrese (1994), 69 Ohio St.3d 176, the court held that a trial court order that grants the state's motion to disqualify defendant's chosen counsel in a criminal
case is not a final appealable order. The court in Keenan
stated:
 {¶ 6} "An appeal following conviction and sentence would be neither impractical nor ineffective since any error in granting the motion [to disqualify] would, in certain circumstances, be presumptively prejudicial. Flanagan v. United States (1984),465 U.S. 259, 268, 104 S.Ct. 1051, 1056, 79 L.Ed.2d 288, 296. This court recognized and distinguished granting motions to disqualify counsel in criminal and civil cases in Russell,15 Ohio St.3d at 42-43, 15 OBR at 141, 472 N.E.2d at 699-700, noting distinct reasons for differing results in the two types of cases regarding the effectiveness of post-trial review." Id. at 179.
 {¶ 7} Appellant's argument that "there should be no differentiation in the reasoning of [Guccione]" merely becauseGuccione is civil and the instant case is criminal, fails in light of the Ohio Supreme Court's differing treatment of the disqualification of counsel issue in civil and criminal cases. We find that while the Ohio Supreme Court has not yet ruled on the final appealability of an order denying a motion for admission pro hoc vice in a criminal case, if it were faced with the question, it would rule in conformity with Kala finding the order not final and appealable.
 {¶ 8} Based on the above analysis, we find the motion for reconsideration not well-taken and deny it.
Handwork, P.J., Knepper, J., Lanzinger, J. concur.