OPINION AND JOURNAL ENTRY
{¶ 1} On June 1, 2006, Relator Dawn Johnson filed a petition for writ of mandamus seeking an order commanding Respondent Honorable Thomas Baronzzi of the Columbiana County Common Pleas Court to appoint her counsel in juvenile court case numbers C2006-0005 and C2006-0006.
 STATEMENT OF CASE {¶ 2} The record reveals that case numbers C2006-0005 and C2006-0006 are a custody action concerning Johnson's two minor children. On January 23, 2006, Jo Marie Broffman, maternal grandmother of the minor children, filed a motion for custody and a motion for ex parte custody order. On January 26, 2006, the court issued an ex parte custody order naming Jo Marie Broffman as legal custodian. The court further set the matter for review on February 21, 2006.
 {¶ 3} At the February 21, 2006 hearing, Johnson was not represented by counsel. The court gave her 60 days to retain counsel. 03/08/06 J.E. In response to the order, Johnson requested court appointed counsel for herself and her minor children. The juvenile court denied the request. 03/23/06 J.E.
 {¶ 4} On April 6, 2006, Johnson filed a motion for appointment of counsel on the grounds that she is indigent. The juvenile court indicated that the motion was a reconsideration of a previous determination and that Johnson did not qualify for court appointed counsel. 05/16/06 J.E. Thus, the juvenile court once again denied the motion. 05/16/06 J.E.
 {¶ 5} Johnson now files a petition for mandamus requesting this court to order the juvenile court to appoint her counsel.
 ANALYSIS {¶ 6} In order for this court to issue a writ of mandamus, Johnson must establish that: (1) she possesses a clear legal right to have court appointed counsel; (2) the juvenile court has a clear duty to appoint her counsel; and (3) no adequate remedy exists in the ordinary course of the law. State ex rel. Harrisv. Rhodes (1978), 54 Ohio St.2d 41; State ex rel. National CityBank v. Bd. of Edn. (1977), 52 Ohio St.2d 81.
 {¶ 7} This test presents two possible issues for this court. The first one is whether Johnson has a clear right to the appointment of counsel, thereby creating a duty for the juvenile court to appoint her counsel. The second issue is whether she had an adequate remedy in the ordinary course of law. Or, in other words, could she have appealed the March 23, 2006 denial of the motion to appoint counsel?
 {¶ 8} In addressing the first issue, we must determine whether there is a clear right to appointed counsel. As a starting point, it is noted that in certain situations the right to appointed counsel for indigents in juvenile cases is guaranteed. The record contains no indication that Johnson is not indigent. The determination of when an indigent will be appointed counsel is governed by two specific statutes, R.C. 2151.23 and R.C. 2151.352.
 {¶ 9} R.C. 2151.352 is the statute on appointed counsel in the juvenile setting. It states, in pertinent part:
 {¶ 10} "A child, the child's parents or custodian, or any other person in loco parentis of the child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152. of the Revised Code. If, as an indigent person, a party is unable to employ counsel, the party is entitled to have counsel provided for the person pursuant to Chapter 120. of the Revised Code except in civil matters in which the juvenile court is exercising jurisdiction pursuant to division (A)(2), (3), (9), (10), (11), (12), or (13); (B)(2), (3), (4), (5), or (6); (C); (D); or (F)(1) or (2) of section 2151.23 of the Revised Code. * * *"
 {¶ 11} As this statute explains, the right to counsel is allowed except in civil matters that fall under certain sections of R.C. 2151.23. Respondent argues that the matter at hand falls under R.C. 2151.23(A)(2), which, as the statute indicates, a right to appointed counsel is not granted. Johnson, on the other hand, argues that the case was brought under R.C. 2151.23(A)(1) which permits the right to court appointed counsel.
 {¶ 12} Before looking at the language in each of these two sections, it is acknowledged that each party is correctly stating the law under R.C. 2151.23. Under subsection (A)(1), the court is required to appoint counsel for an indigent parent. Under subsection (A)(2), there is no such requirement.
 {¶ 13} These subsections state:
 {¶ 14} "(A) The juvenile court has exclusive original jurisdiction under the Revised Code as follows:
 {¶ 15} "(1) Concerning any child who on or about the date specified in the complaint, indictment, or information is alleged to have violated section 2151.87 of the Revised Code or an order issued under that section or to be a juvenile traffic offender or a delinquent, unruly, abused, neglected, or dependent child and, based on and in relation to the allegation pertaining to the child, concerning the parent, guardian, or other person having care of a child who is alleged to be an unruly or delinquent child for being a habitual or chronic truant;
 {¶ 16} "(2) Subject to divisions (G) and (V) of section2301.03 of the Revised Code, to determine the custody of any child not a ward of another court of this state."
 {¶ 17} The motion that initiated this case was a Motion for Custody filed by the maternal grandmother. This motions states:
 {¶ 18} "Now comes the Petitioner/maternal grandmother * * * and respectfully moves this honorable Court for an Order naming her the residential parent of the minor children until further order of court. For cause, Movant states the biological mother of the minor children is unfit, and the minor children are without proper care and support due to the biological mother's drug addiction, homelessness, and her abandonment of the minor children with the Petitioner/maternal grandmother. Movant states that the minor children are dependant, and that an Order of Custody to her would be in the best interest of the minor children." 01/23/06 Motion for Custody.
 {¶ 19} Johnson claims that this cause falls within (A)(1) because it uses the word "dependant" in the motion. She states that any allegation of "abuse, neglect or dependant" must fall under (A)(1) and, as such, an indigent is entitled to court appointed counsel.
 {¶ 20} While there is no case law on this point, Johnson's argument appears to be without merit. The use of the word dependent in the petition does not turn this case into an abuse, neglect or dependent case that is contemplated by subsection (A)(1). The motion is clearly a motion for custody. It is not a complaint for abuse, neglect or dependency. The motion stands for itself. To allow a determination that the use of the word dependent makes a case fall under (A)(1) would mean that in any type of custody battle between two parties when that word is used, then there is an automatic right for an indigent to have appointed counsel. That is not a logical interpretation of (A)(1).
 {¶ 21} The types of actions that subsection (A)(1) discusses are actions in which the state would typically be involved with. For instance, R.C. 211.87 is the statute prohibiting juvenile use and buying of Cigarettes and Tobacco. If it is found that a juvenile violates this section, certain penalties/rehabilitative measures can be imposed. Likewise, a delinquency action involves the state. And, so does abuse, neglect and dependent cases. The matter at hand is not a case involving the state, it is a private custody action. Thus, there is no right to appointed counsel because the complaint falls under subsection (A)(2).
 {¶ 22} In further support of this is the Ohio Public Defender's (OPD) interpretation of (A)(1) and (A)(2) and the right to counsel. The OPD's interpretation indicates that in custody cases where the state is not a party then there is no right to appointed counsel. http://opd.ohio.gov/juv/ Jv_Assign_counsel.pdf. Admittedly, this interpretation is not binding authority for this court, however, the reasoning seems logical. In a custody case between the state and a parent, the consequences are more severe than a custody determination between two people. Thus, we find that mandamus does not lie because there is no clear legal right to counsel.
 {¶ 23} Regardless, assuming arguendo that there is a clear legal right to appointed counsel in this case, mandamus still would not lie because Johnson had an adequate remedy. She could have appealed the March 23, 2006 order because it was a final appealable order.
 {¶ 24} R.C. 2505.02(B)(2) states that an "order that affects a substantial right made in a special proceeding" is the final appealable order. A special proceeding is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(3). The Ohio Supreme Court has held that "[p]roceedings in the juvenile division including parentage actions, are special statutory proceedings." State ex rel.Fowler v. Smith, 68 Ohio St.3d 357, 360, 1994-Ohio-302; Papp v.James, 69 Ohio St.3d 373, 379, 1994-Ohio-86. See, also, Jacksonv. Herron, 11th Dist No. 2004-L-045, 2005-Ohio-4039.
 {¶ 25} A substantial right is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). The Ohio Supreme Court has held that "[a]n order denying permission for out-of-state counsel (otherwise competent) to represent a litigant is a final appealable order." Guccione v. Hustler Magazine, Inc. (1985),17 Ohio St.3d 88, 89. The Guccione court stated that the right to counsel was a substantial right. Id. at 89. It is acknowledged that Guccione was decided using a prior version of R.C. 2505.02
and using a balancing test formulated in Amato v. General MotorsCorp. (1981), 67 Ohio St.2d 253. The balancing test was used to determine what a special proceeding was. Guccione,17 Ohio St.3d at 90. That balancing test is no longer used to determine what a special proceeding is and, as such, Amato had been overruled. However, the Supreme Court has recently relied onGuccione to determine that under the new version of R.C.2505.02 the denial of a motion for admission of pro hac vice is a final appealable order. Klein v. Steicher, 93 Ohio St.3d 446,2001-Ohio-1583.
 {¶ 26} The Klein case has a one paragraph majority opinion that provides little guidance as to its reasoning and reliance onGuccione. Regardless of its lack of analysis, given the reasoning of Guccione and the fact that the Amato balancing test is no longer used, it can be concluded that it is still the Ohio Supreme Court's position that the right to an attorney is a substantial right. As a juvenile proceeding is a special proceeding and the right to counsel is a substantial right, the denial of counsel in a juvenile proceeding is a final appealable order.
 {¶ 27} That said, Johnson is not being denied her right to counsel, rather she is being denied the right to appointed counsel. However, her denial of her right to appointed counsel is analogous to the denial of admission of pro hac vice counsel. Furthermore, as previously stated, in order to be a substantial right it must be a right guaranteed by the Constitution, statute or rule. Johnson claims her right to counsel is guaranteed by R.C. 2151.325. Assuming she is correct, then the denial of appointed counsel interferes with her substantial right. Thus, the right to court appointed counsel would be a substantial right and the denial of such would be a final appealable order. Filing an appeal from that order would be her adequate remedy in the ordinary course of law. Consequently, mandamus would not lie.
 {¶ 28} In conclusion, the motion to dismiss is granted. There is no right to appointed counsel, but even if there were, mandamus does not lie because if that were the case, Johnson had an adequate remedy at law through an appeal of the denial of court appointed counsel.
 {¶ 29} For the foregoing reasons, Respondent's Motion to Dismiss is granted. Relator's Petition for Writ of Mandamus is dismissed.
 {¶ 30} Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.
Vukovich, J., concurs.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.