OPINION
{¶ 1} Appellant John Ramun is appealing the decision of the Mahoning County Court of Common Pleas, Probate Division, overruling his motion to be represented pro hac vice by counsel from the Pittsburgh law firm of Eckert, Seamans, Cherin Mellott, LLC (hereinafter referred to as "ESC M"). Appellant has used this outside counsel for many years to litigate cases, including a number of cases that have been on appeal with this Court. Appellee Louise Ramun had not yet filed any opposition to the motion by the time the trial court made its ruling, and the trial court gave no reason for refusing to admit counsel pro hac vice. It appears that the probate court's decision is completely arbitrary and, so, must be vacated. We also note that the trial judge recused himself from this case soon after overruling the pro hac vice motion. Under the circumstances, we hereby vacate the trial court's ruling on the pro hac vice motion, and remand the matter to the visiting judge for further review consistent with this Court's Opinion.
 BACKGROUND OF THE CASE {¶ 2} This appeal arose out of a motion to vacate the final accounting of the estate of Michael Ramun. Michael Ramun was Appellant's father and Appellee's husband. Appellee was the executrix of Michael Ramun's estate. The final accounting in the estate was filed on May 3, 1988. In her motion to vacate, Appellee alleged that, at the time of her husband's death, John and Michael Ramun each owned 50% of the shares of Allied Erecting Dismantling Co. ("Allied Erecting"). Appellee claimed that the decedent's 21 shares of stock were fraudulently valued at $1,305,897 during the probate proceedings. She alleged that the stock was actually *Page 2 
worth closer to $11,000,000. Because of the drastic devaluation of the stock in the probate court, Appellee asserts that Appellant, was able to redeem those shares from the estate for less than $1,000,000, and that he now owns all the shares of Allied Erecting. Appellee maintained that she only learned of the fraudulent valuation during the course of discovery in other recent related litigation.
 {¶ 3} The trial court file in this interlocutory appeal is sparse, at least as it relates to the pro hac vice motion. Appellee filed her motion to vacate the order settling the testamentary estate of Michael Ramun on August 19, 2005. On September 13, 2005, Appellant filed a motion to allow Christopher Opalinski and Timothy Grieco, attorneys with ESC M, to appear as counsel pro hac vice in this case. There is no record that any opposition to the motion was filed with the court at the time the court ruled on the motion. The trial court overruled the pro hac vice motion on September 21, 2005, without hearing or explanation.
 {¶ 4} On September 30, 2005, Appellant filed a motion for reconsideration of the court's ruling. Appellant John Ramun attached his own affidavit to the motion, stating that he was a 75% owner in Allied Consolidated Industries, Inc, which owns Allied Erecting, and that he has employed ESC M as counsel for the past 20 years, using them for every significant litigation matter regardless of the jurisdiction. He described his close relationship with the firm, and cited a number of cases that had been decided by this Court, including one that was pending on appeal, in which he retained the services of ESC M. See, e.g., Allied Erecting And Dismantling Co., Inc. v. Youngstown, 7th Dist. No. 03 MA 179, 2004-Ohio-3665; Allied Erecting Dismantling Co., Inc.v. Youngstown, 151 Ohio App.3d 16, 2002-Ohio-5179, *Page 3 783 N.E.2d 523; Allied Erecting Dismantling Co. v. Uneco Realty Co.
(2001), 146 Ohio App.3d 136, 765 N.E.2d 420; Allied Erecting andDismantling Co., Inc. v. Uneco Realty Co. (1996), 116 Ohio App.3d 410,688 N.E.2d 526; State ex rel. Beconder v. Allied Erecting andDismantling Co., Inc. (Dec. 24, 1992), 10th Dist. No. 91AP-1118. (The pending appellate case has since been resolved. Ramun v. Ramun, 7th Dist. No. 05 MA 44, 2005-Ohio-6921.) The public record of these cases clearly shows that Appellant (or Allied Erecting) was regularly represented by Christopher Opalinski and the firm of ESC M since at least 1992.
 {¶ 5} The trial court overruled Appellant's motion for reconsideration on October 5, 2005. Once again, the record contains no record that Appellee filed any type of opposition to Appellant's motion for reconsideration. Appellant has indicated that Appellee did send him a rebuttal memo opposing the pro hac vice motion. Since there was no hearing on this matter, and no indication in the record that the trial court ever received or had access to such a rebuttal memo, it appears unlikely that the trial court was privy to Appellee's argument prior to issuing its judgments.
 {¶ 6} Appellant is appealing both judgments of the trial court.
 {¶ 7} On March 17, 2006, Appellant notified this Court that the Ohio Supreme Court had issued a judgment entry determining that the trial judge had recused himself, thus rendering moot a pending application for disqualification.
 ASSIGNMENT OF ERROR {¶ 8} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION WHEN IT UNREASONABLY AND ARBITRARILY DENIED BOTH THE MOTION OF JOHN RAMUN TO ADMIT ATTORNEYS *Page 4 
CHRISTOPHER R. OPALINSKI AND F. TIMOTHY GRIECO OF THE LAW FIRM OF ECKERT, SEAMANS, CHERIN MELLOTT, LLC TO PRACTICE BEFORE THIS COURT IN THIS MATTER PRO HAC VICE, BY JOURNAL ENTRY DATED SEPTEMBER 21, 2005, AND JOHN RAMUN'S MOTION FOR RECONSIDERATION, BY JUDGMENT ENTRY AND ORDERS UPON MOTION FOR RECONSIDERATION OF DENIAL OF PRO HAC VICE DATED OCTOBER 5, 2005."
 {¶ 9} The decision to overrule a motion to allow an attorney to participate pro hac vice in a case is generally a final appealable order. See, e.g., Klein v. Streicher (2001), 93 Ohio St.3d 446,755 N.E.2d 880; Westfall v. Cross (2001), 144 Ohio App.3d 211,759 N.E.2d 881.
 {¶ 10} A court may specially admit an attorney not admitted to practice in Ohio, but in good standing in another state, to represent a party in a particular case. Gov.Bar R. I(9)(H); State v. Ross (1973), 36 Ohio App.2d 185, 188, 304 N.E.2d 396. The right of an out-of-state attorney to appear as counsel in an Ohio court is not an absolute right, but rather, lies within the discretion of the trial court. RoyalIndemnity Co. v. J.C. Penney Co. (1986), 27 Ohio St.3d 31, 33,501 N.E.2d 617. The standard of review of an order denying pro hac vice status is whether an abuse of discretion has occurred. Id. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Tracy v. Merrell Dow Pharmaceuticals, Inc. (1991), 58 Ohio St.3d 147,152, 569 N.E.2d 875.
 {¶ 11} Even though there is no absolute right to be represented in court by out-of-state counsel, a court may not cavalierly disregard a party's choice of counsel. *Page 5 
"[I]n a civil matter, a party has a substantial right to choose privately retained counsel." Martinez v. Yoho's Fast Food Equipment
(Dec. 19, 2000), 10th Dist. No. 00AP-441, at *3. "`A litigant's request to be represented by counsel of his choice, when freely made, should be respected by the court, unless some legitimate state interest is thwarted by admission of the out-of-state attorney.'" State v.Roble, 6th Dist. No. L-04-1374, 2006-Ohio-328, ¶ 13 quoting EnquirePrinting and Pub. Co., Inc. v. O'Reilly (1984), 193 Conn. 370, 375, 477
A.2d 648.
 {¶ 12} Ross set forth a non-exclusive list of three questions that should be asked in determining whether out-of-state counsel should be permitted to appear in a case pro hac vice: "(1) Did there exist a long-standing close personal relationship between the party and the out-of-state counsel? (2) Is the out-of-state counsel the customary counsel for the party in jurisdictions where such out-of-state counsel is admitted to practice? and (3) What is the situation with respect to the availability of counsel admitted to practice in Ohio who are competent to represent the party in the case?" Ross, supra, at 197.
 {¶ 13} We have established a more detailed set of standards in pro hac vice cases, and these standards are being used by other courts in this state:
 {¶ 14} "In Swearingen v. Waste Technologies Industries (1999),134 Ohio App.3d 702, the Seventh District Court of Appeals set forth some relevant factors for a judge to consider when reviewing a pro hac vice motion. Those factors include the age of the case at the time the pro hac vice motion was filed, the nature of the litigation, the complexity of the litigation, the burden on the nonmoving party and court if new counsel is permitted to appear, the prejudice to the moving party if the *Page 6 
motion is denied, the interest of the litigant in choosing counsel, the prejudice to the party opposing the pro hac vice motion, and the ability of the court to maintain the orderly administration of justice."Roble, supra, at ¶ 14.
 {¶ 15} The trial court's initial judgment entry reveals no reason whatsoever for overruling what appears to be a well-supported (and unopposed) pro hac vice motion. The trial court's second judgment entry, overruling Appellant's motion for reconsideration, merely notes that Appellant also had local counsel and that no good cause was shown to reverse the earlier judgment. The availability of other competent counsel is only one among many factors that the court should consider, and does not in and of itself defeat a request for counsel to appear pro hac vice. Martinez v. Yoho's Fast Food Equipment, supra, 10th Dist. No. 00AP-441, at *5. It does not appear that the trial court actually considered the totality of Appellant's motion. Our own recorded caselaw reveals that Appellant and Allied Erecting have used the services of ESC M many times since 1992. The instant case potentially involves the distribution of millions of dollars in assets, and may require complex financial analysis concerning the valuation of the company and its stock. Appellant's interest in using this particular law firm, with which there is clearly a longstanding relationship, is fairly obvious. The trial court mentions nothing about a concern for controlling its docket or controlling administration of its own courtroom as reasons for denying the motion. The trial court does not address whether the opposing party might be prejudiced by allowing the attorneys to appear pro hac vice. In order for the trial court to overrule Appellant's request, the decision must be supported by a fairly strong rationale to withstand appellate review, and yet, there is no rationale at all given by the court. *Page 7 
The fact that the trial judge, shortly after issuing the ruling, recused himself from the case certainly adds to the sense that the decision may have been unreasonable or arbitrary.
 {¶ 16} The record in this case, sparse as it is, does reflect an arbitrary decision on the part of the trial court. The fact that a new judge is now presiding over the matter leads us to conclude that the best course is to vacate the judgment entries overruling the pro hac vice motion, and to allow the new trial judge to review the matter de novo. The parties should be afforded the opportunity to submit any additional materials or arguments, and to request a hearing on the matter. The trial court may wish to order a hearing sua sponte if neither party requests it. The case is remanded to the trial court for further proceedings consistent with this Opinion.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1