**The STATE of Ohio, Appellee,**

**v.**

**WOLF, Appellant.**

[Cite as *State v. Wolf* (1991), 71 Ohio App.3d 740.]

Court of Appeals of Ohio,
Lake County.

No. 91–L–013.

Decided April 2, 1991.

*Steven C. LaTourette*, Prosecuting Attorney, and *Ariana Tarighati*, for appellee.

*Ralph C. Buss* and *Brett J. Plassard*, for appellant.

NADER, Judge.

Appellant, David A. Wolf, was indicted for aggravated murder, murder and abuse of a corpse, with a prior violence specification, in October 1990. Appellant originally requested that the court appoint an attorney for him. The Lake County Public Defender's Office was assigned the matter on October 19, 1990.

On December 3, 1990, appellant requested appointment of counsel of his own choice: attorneys Buss and Plassard. On December 28, 1990, the trial court permitted the public defender to withdraw and appointed attorneys Buss and Plassard. By judgment entry dated January 4, 1991, the trial court stated that the appointment of private counsel was *pro bono* and no funds would be expended for attorney fees. A notice of appeal was filed January 28, 1991.

Although appellant requested findings of fact and conclusions of law, and requested expert assistance on January 9, 1991, the court did not issue these conclusions until February 6, 1991. The request for expert assistance was denied, and the court explained its reasons for denying attorney fees at public expense. No appeal is made from the February 6, 1991 entry.

The issue before the court at this time is whether the trial court's ruling of January 4, 1991, is a final appealable order to invoke the jurisdiction of this court.

The trial court's decision, dated January 4, 1991, must come within the parameters of R.C. 2505.02 to establish this court's jurisdiction. R.C. 2505.02 reads, in part:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

A party contending that a final appealable order exists, in a situation that does not determine the action or prevent judgment, must establish two requisite factors. First, a substantial right must be affected. Second, the trial court's decision must be made in a special proceeding. A prime determinant as to whether an order is one made in a special proceeding is the availability of a remedy after judgment. "A ruling which implicates a claim of right that would be irreparably lost if its review need await final judgment is likely to be deemed a final order." *Berbaum v. Silverstein* (1982), 62 Ohio St.2d 445, 447, 16 O.O.3d 461, 463, 406 N.E.2d 532, 534–535. A special proceeding may also be defined as an action which has been brought about by

specific legislation or an action not recognized at common law. *Dayton Women's Health Ctr. v. Enix* (1990), 52 Ohio St.3d 67, 555 N.E.2d 956 (Douglas, J., dissenting). Once the need for immediate review is established, that factor must be balanced against the harm ,to the prompt and orderly disposition of litigation and the consequent waste of judicial resources which will result. *Amato v. General Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452.

Appellant contends that postponing an appeal until after trial will deprive him of his right to personally select his own attorney. There is no doubt that appellant is entitled to counsel. However,

"The right of an accused to select his own counsel is inherent only in those cases wherein such accused is employing the counsel himself. The right to have counsel assigned by the court does not impose a duty on the court to allow the accused to choose his own counsel; the selection is within the discretion of the court." *Thurston v. Maxwell* (1965), 3 Ohio St.2d 92, 93, 32 O.O.2d 63, 64, 209 N.E.2d 204, 205.

Appellant contends that by statute, R.C. 120.33, the General Assembly has given him the right to choose his attorney. R.C. 120.33 is not conclusive as to this issue.

Those powers which are necessary to the orderly and efficient exercise of jurisdiction "from both their nature and their ancient exercise, must be regarded as inherent." *State ex rel. Butler v. Demis* (1981), 66 Ohio St.2d 123, 129, 20 O.O.3d 121, 124, 420 N.E.2d 116, 120. The power to appoint attorneys for indigents is an inherent power of the courts as such appointments are necessary for the effective exercise of jurisdiction. *Id.* The power to appoint counsel is, in addition, an exercise of the supervisory powers of the court, as the duty to appoint counsel for indigents is constitutionally imposed. *Id.,* citing *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. The General Assembly has provided indigents with a vehicle to select counsel through the enactment of R.C. 120.33. But because such power is inherent within the judiciary, R.C. 120.33 cannot deprive the court of its ability to appoint counsel.

" * * * The power to appoint counsel reposes in the courts, however, not in the General Assembly or in the parties appearing before the court. The power being inherent in the judiciary, the General Assembly has no power to take it therefrom and place it in the hands of the parties.

" * * *

"We hold that the appointment of counsel by the court to represent indigent parties, where such appointment and representation is constitutionally man-

dated, is a necessary function of the court in the exercise of its jurisdiction. The power to so appoint counsel is therefore an inherent power of the court which cannot be impeded by the General Assembly." *Demis, supra,* 66 Ohio St.2d at 132, 20 O.O.3d at 126, 420 N.E.2d at 122.

Although R.C. 120.33 has been amended subsequent to *Demis,* this does not alter the court's rationale with respect to inherent powers. The appointment power inherently resides with the judiciary, independent of legislative authority. The constitutional distribution of powers prevents the legislature from interfering with that inherent power. *Id.* at 132, 20 O.O.3d at 126, 420 N.E.2d at 121. Thus, R.C. 120.33 provides an alternative which the trial court may, in its discretion, permit. The statute does not and *cannot* preclude appointment of counsel by the court. In the present matter, appellant does not have a substantial right to select an attorney, as the power of appointment is inherent with the trial court. Without the implication of a substantial right, there is not yet a final appealable order to invoke the appellate jurisdiction of this court under R.C. 2505.02.

 Appellant has also failed to establish that appointment of counsel is a special proceeding for purposes of R.C. 2505.02. The prime consideration becomes the availability of a remedy, balanced against the need for prompt and orderly disposition of litigation. *Tilberry v. Body* (1986), 24 Ohio St.3d 117, 24 OBR 308, 493 N.E.2d 954. Where a substantial right would be irretrievably lost, or a potential error could never be fully corrected, a special proceeding is established. *Celebrezze v. Netzley* (1990), 51 Ohio St.3d 89, 554 N.E.2d 1292. Thus, even where a remedy is less than ideal, but the possible cost to the judicial system of appeal is greater, a special proceeding will not be acknowledged. *Tilberry, supra.*

In the instant case, the required prompt disposal of litigation outweighs the inconvenience to appellant, or to appellant's counsel. As previously discussed, appellant has not been denied a substantial right. *Thurston, supra.* Appellant will be afforded the continued representation of attorneys Buss and Plassard, or appointed counsel from the public defender's office. The fee to which counsel is entitled, if any, may be awarded after trial. Any potential error with regard to fees may be corrected after trial. A special proceeding has not been established. Therefore, the matter is not a final appealable order under R.C. 2505.02.

The Ohio Supreme Court has alluded to the proposition that appellant must wait until after trial to perfect his appeal. *Demis.* In *Demis,* relator-appellant proceeded in mandamus to compel the trial judge to appoint counsel of relator's choice. The court stated that without recourse in mandamus,

appellant would have to wait until after trial to appeal the appointment of counsel issue:

"If * * * [respondents] must wait for an appeal to establish their alleged right to have [relator] appointed as their legal counsel, they will be denied the opportunity to have the attorney-client relationship of their own choosing throughout the course of the adjudication and disposition of their cases." *Id.*, 66 Ohio St.2d at 124, 20 O.O.3d at 122, 420 N.E.2d at 117.

In mandamus, however, the court must look to the adequacy of the remedy. "The mere existence of another remedy does not bar the issuance of a writ of mandamus." *Id.* at 124, 20 O.O.3d at 122, 420 N.E.2d at 117, citing *State ex rel. Emmich v. Indus. Comm.* (1947), 148 Ohio St. 658, 36 O.O. 265, 76 N.E.2d 710. The court thus concluded that, as there was not an adequate remedy, the action was procedurally proper. However, the writ was ultimately denied on the substantive issue.

"Where a court has discretion to act, mandamus will not lie to control the exercise of that discretion, even if abused. *State ex rel. Sawyer v. O'Connor* (1978), 54 Ohio St.2d 380 [8 O.O.3d 393, 377 N.E.2d 494]; R.C. 2731.03. Where a court has discretion to act, its only clear legal duty is to exercise that discretion. Further, mandamus will not issue to control the exercise of inherent power. *State ex rel. Welsh v. Medical Board* (1945), 145 Ohio St. 74 [30 O.O. 287, 60 N.E.2d 620].

"Accordingly, we find respondent Judge * * * was under no clear legal duty to enter the name of relator * * * in the court's journal as appointed counsel. * * *" *Demis, supra,* 66 Ohio St.2d at 133, 20 O.O.3d at 127, 420 N.E.2d at 122.

Unlike the standard in a mandamus proceeding, the issue in the case *sub judice* does not compel us to review the substantive adequacy of the remedy after trial. The principal concern in a direct appeal, as opposed to an original action, is whether appellant will irreparably lose a substantial right by postponement of the appeal. *Bernbaum, supra.* We acknowledge that postponement is less than desirable. But the inconvenience and the desire for prompt disposition of litigation, here, do not outweigh the consequent waste of judicial economy and the opportunity for other remedial avenues. Therefore, a special proceeding is not established. Because the standard applied to a mandamus action differs from that of a determination of a final appealable order, our holding herein does not conflict with *Demis.*

A factual distinction between the instant matter and *Demis* is also apparent. In *Demis,* relators were not appointed the personally requested counselor. Whereas in the present situation, appellant Wolf was assigned the attorneys of his choice, although only on a *pro bono* basis. The need for immediate

review is even less apparent herein where appellant will enjoy the attorney-client relationship throughout the litigation series. There does remain, post-trial, the ability to appeal the effectiveness of counsel, in light of the *pro bono* status. This factual difference readily lends itself to our holding that a substantively adequate remedy is available to appellant, thus tipping the scales in favor of judicial economy rather than immediate review.

Three cases cited by appellant in support of his assignment of error merit attention. *Guccione v. Hustler Magazine, Inc.* (1985), 17 Ohio St.3d 88, 17 OBR 211, 477 N.E.2d 630, states that a defendant is entitled to be represented by out-of-state counsel when privately retained. The court points out that "an order excluding counsel (otherwise competent) is a substantial right * * *." *Id.* at 89, 17 OBR at 212, 477 N.E.2d at 631. Appellant was thus entitled to immediate review because "an order excluding counsel cannot be effectively reviewed after a final judgment if the court erroneously deprives a party of his chosen counsel. The burden on that party at the end of the case to show that he was prejudiced would in effect be an 'insurmountable burden.'" *Id.* at 90, 17 OBR at 212, 477 N.E.2d at 632. *Guccione* is predicated, however, on the holding that in a civil matter a party has a substantial right to choose privately retained counsel. The case *sub judice* is distinguishable because appellant Wolf does not have the right to select his attorney. As previously discussed, the trial court possesses the inherent power to appoint counsel without the input of a defendant in a criminal setting. *Demis, supra.* The cases are therefore distinguishable.

Appellant also cites *State ex rel. Leis v. Kraft* (1984), 10 Ohio St.3d 34, 10 OBR 237, 460 N.E.2d 1372. Discussing the issue of whether the pre-trial decision was a final appealable order, the court held:

"The granting of an accused's motion for a polygraphic test at state expense in a criminal case is a 'final order' within the meaning of Section 3(B)(2) of Article IV of the Ohio Constitution and is therefore appealable by leave of court under R.C. 2945.67(A)." *Id.* at syllabus.

The court reiterated that "the existence of a remedy by way of appeal at the conclusion of a case is a major consideration in determining whether an order was made in a special proceeding." *Id.* at 37, 10 OBR at 239, 460 N.E.2d at 1375. The trial court's decision regarding admission of the polygraph test was erroneous and affected a substantial right. The court emphasized that should the prosecution be required to proceed with trial, the "state would be helpless to prevent this miscarriage of justice." *Id.* Thus, the pre-trial ruling was declared a final appealable order.

Again, the cases are distinguishable. In the case *sub judice,* a substantial right would not be affected. "The right to have counsel assigned by the court

does not impose a duty on the court to allow the accused to choose his own counsel." *Thurston, supra,* 3 Ohio St.2d at 93, 32 O.O.2d at 64, 209 N.E.2d at 205. Nor is the appointment of counsel a special proceeding, as a remedy for nonpayment of attorney fees is not precluded at the trial's conclusion, as a remedy was in *Kraft.* No substantial right has been affected, nor is appointment of counsel a special proceeding. Therefore, the judgment of the trial court in the present matter is not a final order for purposes of appeal.

Finally, in *Doe v. Univ. of Cincinnati* (1988), 42 Ohio App.3d 227, 538 N.E.2d 419, appellee had requested disclosure of the name, address, and phone number of a blood donor infected with the AIDS virus. Apparently, appellant had received a blood transfusion and subsequently developed the HIV antibodies. The blood source was traced to the requested donor. The trial court sustained the appellee's motion to compel discovery. If appellant was not permitted immediate review, the donor's name would have been revealed. "Subsequent review of that decision would provide an inadequate remedy." *Id.* at 229, 538 N.E.2d at 422.

The court's focus remains on the availability of a remedy, should there be an error by the trial court. In *Doe,* the court found that "the potential damage from the * * * [trial court's] order * * * [was] incapable of later correction." *Id.* at paragraph one of the syllabus. Once the donor's name was revealed, it would be impractical, if not impossible, to withdraw such identification. An irreparable harm would result. This is not the situation in the present matter, as a remedy would be available and compensation awarded if the error were upheld on review.

To conclude, appellant does not have a right to select counsel. That power inherently resides with the court. *Demis, supra.* Nor is the appointment of counsel made in a special proceeding. Remedies are available after trial. Therefore, the within matter is not a final appealable order and must be dismissed for lack of jurisdiction.

 Additionally, appellant contends that the trial court's refusal to permit expert assistance at state expense is a final order.

 Appellant does not have an absolute right to an expert.

" * * * [E]xpert services must be provided to an indigent defendant only if the court determines, within its sound discretion, that such services, 'are reasonably necessary for the proper representation of a defendant' * * *." *State v. Esparza* (1988), 39 Ohio St.3d 8, 529 N.E.2d 192, syllabus; see, also, *State v. Jenkins* (1984), 15 Ohio St.3d 164, 15 OBR 311, 473 N.E.2d 264, paragraph four of the syllabus.

A trial judge must make an informed decision, which requires specifics regarding identity, cost, and qualifications of an expert. *State v. Landrum*

(1990), 53 Ohio St.3d 107, 559 N.E.2d 710. Absent these specifics there is no abuse of discretion to deny a defendant expert assistance. *Id.*

Again, the issue before the court, at this point, is whether the trial court's denial of the request for experts is a final appealable order. There is no denial of substantial right, nor is it impracticable to wait until final adjudication. R.C. 2505.02. A request for expert assistance, made in a more specific manner, may also be refiled at any time prior to or during the course of the trial. Appellant will not lose his right to review of the issue. *Bernbaum, supra.* Should an abuse of discretion and prejudice be demonstrated, defendant's conviction can be reversed.

Thus, the court's refusal to permit expert assistance is not a final appealable order.

It should also be noted that the question as to experts may not be properly before this court. The order, dated January 4, 1991, makes no reference to expert assistance. In fact, there was no motion before the court in regard to experts until February 6, 1991. It is only from the January 4, 1991 decision that appellant makes his appeal. The notice of appeal is dated January 28, 1991. There is no appeal from the February 6, 1991 ruling.

As discussed thoroughly, at this juncture of the case *sub judice*, there is no final appealable order.

The matter is hereby dismissed for lack of jurisdiction.

*Appeal dismissed.*

FORD, P.J., and CHRISTLEY, J., concur.