[Cite as *State v. Benson*, 2019-Ohio-5050.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-A-0080** |
| LYNDEE A. BENSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2018 CR 0094.

Judgment:  Appeal dismissed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelly M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Marie Lane,* Ashtabula County Public Defender, Inc., 4817 State Road, Suite 202, Ashtabula, OH  44004 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}   Appellant, Lyndee A. Benson, by and through counsel, filed a notice of appeal on November 1, 2019 from an October 4, 2019 judgment entry of the court of common pleas.

{¶2}   In the appealed entry, the trial court found "that the evidence seized from Ms. Benson's purse shall not be suppressed."  The court further directed the clerk to reopen the case on its active docket.

{¶3} By way of background, in Ms. Benson's prior appeal, *State v. Benson,* 11th Dist. Ashtabula No. 2019-A-0080, 2019-Ohio-3234, the judgment was reversed and remanded for further proceedings from the point of error. Specifically, the trial court was instructed to make findings of fact and conclusions of law regarding the search and seizure of drugs in Ms. Benson's purse. On remand, the trial court issued the October 4, 2019 entry on appeal.

{¶4} R.C. 2505.02 defines the types of orders that constitute a final appealable order:

{¶5} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶6} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶7} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶8} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶10} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶11} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶12}   * * *."

{¶13}   In criminal cases, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order."  R.C. 2953.02.  Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal."  *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964).

{¶14}   An order denying a motion to suppress has been held not to be a final appealable order.  *State v. Shook,* 11th Dist. Portage No. 2010-P-0012, 2010-Ohio-1801, ¶ 14; *State v. Ricciardi*, 135 Ohio App.3d 155, 160 (1999).

{¶15}   Here, upon our remand, the trial court issued findings of fact and conclusions of law on the suppression issue.  However, in reversing the trial court's judgment of conviction and sentence, commencement of the case on remand began at the point of error, the suppression hearing, and the matter must continue to final judgment i.e., a conviction and sentence.  It appears that the trial court intended to go forward in that regard by directing the clerk to reopen the case on the court's active docket.

{¶16}   The appeal has been prematurely filed.

{¶17}   Therefore, it is ordered that the appeal is hereby dismissed, sua sponte, for lack of jurisdiction.


TIMOTHY P. CANNON, J.,
MATT LYNCH, J.,
concur.

3