[Cite as *State ex rel. Page v. Phipps*, 2020-Ohio-5487.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Nagui Page, | : | |
| Relator, | : | |
| | : | No. 19AP-347 |
| v. | : | (REGULAR CALENDAR) |
| Honorable Karen Held Phipps, | : | |
| Judge, Franklin County Common | | |
| Pleas Court, General Division, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on December 1, 2020

**On brief:** *Nagui Page,* pro se.

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Bryan B. Lee,* for respondent.

IN MANDAMUS
ON MOTION TO DISMISS

BROWN, J.

{¶ 1} Relator, Nagui Page, has filed an original action requesting this court issue a writ of mandamus ordering respondent, the Honorable Karen Held Phipps, a judge of the Franklin County Court of Common Pleas, to grant additional expenses for relator to fund expert services at the state's expense in his pending criminal case in Franklin C.P. No. 18CR-626. Respondent has filed a motion to dismiss the petition, asserting relator has an adequate remedy at law by way of an appeal after final judgment is entered in the underlying criminal proceeding.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. On April 22, 2020, the magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court grant respondent's motion to dismiss and deny the petition on

the basis that relator has an adequate remedy in the ordinary course of law that precludes a writ of mandamus.  No objections have been filed to that decision.

{¶ 3}    Finding no error or other defect on the face of the magistrate's decision, we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law.    In accordance with the magistrate's recommendation, we grant respondent's motion to dismiss and deny relator's request for a writ of mandamus.

*Motion to dismiss granted; writ of mandamus denied.*

KLATT and BEATTY BLUNT, JJ., concur.

_____

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Nagui Page, | : | |
| Relator, | : | |
| v. | : | No. 19AP-347 |
| Honorable Karen Held Phipps, Judge, Franklin County Common Pleas Court, General Division, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

MAGISTRATE'S DECISION

Rendered on April 22, 2020

*Nagui Page,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Bryan B. Lee,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 4} Relator, Nagui Page, has filed this original action requesting this court issue a writ of mandamus ordering respondent, the Honorable Karen Held Phipps, judge of the Franklin County Court of Common Pleas, to order and grant additional expenses for relator to fund expert services at state's expense in his criminal case, C.P. No. 18CR-626.

Findings of Fact:

{¶ 5} 1. Relator is charged in the Franklin County Court of Common Pleas with felonious assault, abduction, and violating a protective order.

{¶ 6}  2. Concerned that the state might call a police officer to testify (in conjunction with the observations of another witness) about certain physical indicia of strangulation based on concepts learned at a law enforcement seminar, relator filed motions in liminie to prohibit the testimony of a Columbus Police Department officer and to disqualify the state's expert police witness from testifying.

{¶ 7}  3. Based on relator's representations, the trial court indicated that a detective may offer his layman's opinion pursuant to Ohio Evid.R. 701.

{¶ 8}  4. The following month, relator requested authorization and funding to hire an expert who would be willing to consult with the defense to rebut any purported testimony from a Columbus police officer.

{¶ 9}  5. The trial court authorized payment up to $1,500 and noted that the defense could seek additional amounts.

{¶ 10}  6. After relator posted bond and was released from confinement, the trial court determined that he was no longer indigent and that no further funds would be approved for the defense expert.

{¶ 11}  7. In a decision and entry dated May 28, 2019, the trial court denied relator's motions for funding.

{¶ 12}  8. On May 29, 2019, relator filed a notice of appeal from the denial of expert funding.

{¶ 13}  9. The same day, relator filed this mandamus action to compel the trial court to provide him with adequate funding to enable him to rebut the testimony of the Columbus police officer.

{¶ 14}  10. The magistrate held relator's mandamus action in abeyance during the pendency of his appeal.

{¶ 15}  11. Finding that relator had not appealed from a final appealable order, this court granted the state's motion and dismissed his appeal for want of jurisdiction. *State v. Page,* 10th Dist. No. 19AP-346, 2020-Ohio-816, rendered March 5, 2020.

{¶ 16}  12. In this mandamus case, respondent filed a motion to dismiss on November 21, 2019. Respondent argues that relator has an alternate remedy at law by way of appeal at the conclusion of his criminal case.

{¶ 17}  13. Relator filed a memorandum contra arguing that his ability to appeal at the conclusion of his criminal case is not an adequate remedy at law because he could be confined unjustly for a substantial period of time before succeeding on appeal. Citing *State*

*v. Collins,* 24 Ohio St.2d 107 (1970), relator argues any time of incarceration would represent unacceptable breach of justice.

{¶ 18} 14. The matter is currently before the magistrate on respondent's motion to dismiss and relator's memorandum contra.

Conclusions of Law:

{¶ 19} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion and deny relator's request for a writ of mandamus.

{¶ 20} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 21} Relator acknowledges that he has a right to challenge the trial court's action in an appeal. Although relator acknowledges he has an alternative remedy in the ordinary course of the law which would render him ineligible for a writ of mandamus, he argues that alternative remedy in the ordinary course of the law is not adequate.

{¶ 22} Relator cites a paragraph from the Supreme Court of Ohio's decision in *Collins*. In *Collins*, the question presented to the court was whether the state, in a criminal case, may prosecute an appeal from an order granting a defendant's pre-trial motion to suppress evidence. The court considered the jurisdiction of the Court of Appeals and legislation enacted by the general assembly and then considered similar cases from court's in other states. Thereafter, the court noted there are only four delineated instances wherein the state can appeal in a criminal case, and noted that the state is in a position distinctly different from that of an accused. Specifically, if a defendant's motion to suppress evidence is overruled, the defendant may challenge the correctness of that order in appellate proceedings following the conviction. Although the court did find that the granting of a defendant's motion to suppress evidence was a final order, that order was not appealable because of the exclusive nature of R.C. 2945.70.

{¶ 23} In the middle of the court's decision as the court was wrestling with the issue at hand, the court considered whether or not it was fair to the issues to permit the state to appeal from the granting of a defendant's motion to suppress evidence. In that regard, the court stated:

A further and most persuasive distinction between the four procedural devices set forth in R. C. 2945.70 and a motion to suppress evidence is the present complete absence of legal guidelines in this state regarding the status of an accused, pending appellate determination of the propriety of the order of suppression. *An unbonded accused, under present law, would spend months and perhaps years behind bars while the efficacy of the state's appeal was determined. If the sustaining of the motion was eventually upheld and the accused then released from custody, a reasonable person would be hard pressed to offer any excuse for such a failure of our judicial system to move with constitutional swiftness and fairness in maintaining the essential balance between society and those charged with crime. If the sustaining of the motion were reversed upon appeal, but the defendant later won acquittal, those months or years of incarceration would represent an equally unacceptable breach of justice.*[1]

(Emphasis added.) *Id.* at 112.

{¶ 24} The court's decision in *Collins* explains why the state cannot appeal from a court decision to grant a criminal defendant's motion to suppress evidence–it would unduly delay a determination of guilt or innocence. Contrary to relator's assertion, the *Collins* case does not require this court grant a writ of mandamus here so he can challenge the denial of his motion for funds. As this court stated in relator's appeal, at this point in time, no one knows whether or not the police officer will testify nor does anyone know about what that officer would testify. Further, while relator is currently considered not indigent because he was able to post bond and is no longer incarcerated, it is conceivable that he could present evidence that he is indigent and therefore the question would come before the court again. At this time, relator's request for writ of mandamus is, at best, premature. Further, as this court stated in dismissing relator's appeal, relator does have an adequate remedy in the ordinary course of the law by way of appeal.

{¶ 25} Because relator has an alternative remedy in the ordinary course of the law, relator cannot establish that he is entitled to a writ of mandamus. As such, this court should grant respondent's motion and dismiss relator's case.

/S/ MAGISTRATE
STEPHANIE BISCA

---

[1] This is the paragraph upon which relator relies.

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).